# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| RAY VERNOR MCGHEE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-124 (CDL) |
| | * | 42 U.S.C. § 1983 |
| DR. OLAKUNLE AINA, BROWN | * | |
| KEYS, and JOSEPH MACON, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

On January 24, 2008, Plaintiff filed a "Motion for Injunctive relief with a Temporary Restraining Order." (R-35). In his Brief in support of the motion, Plaintiff asks the Court to issue injunctive relief as follows: (1) have Defendants arrange for a second opinion examination from a specialist (urologist) and provide "any necessary treatment needed to find out what (STD) disease is in Plaintiff (sic) body organs"; (2) order the Defendants to comply with their own prison policies regarding the administration and treatment of all prisoners; (3) order Defendants Keys and Aina to "consult with utilization management for all cost of treatment that a urologist" deems necessary; (4) order the Defendants to "arrange with it (sic) agency and the State's governor for a medical reprieve if the specialist discovers that the Plaintiff, Ray V. McGhee, has a life causing (sic) health problem or disease." (R-35-2, p. 4-5). Additionally, Plaintiff seeks a Temporary Restraining Order "to preclude any further irreparable health problems," specifically, Plaintiff seeks: (1) to have the Defendants restrained from being biased and discriminative in the administration of medical treatment; and (2) to have the Defendants ordered to discontinue their "conduct of intentional

indifference" and comply with "Standard Operating Procedures (SOP) VH02-0002." (R-35-2, p. 7-8).

In this circuit there is a four-factor test for granting a preliminary injunction.

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he will ultimately prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Gangloff v. Poccia*, 888 F. Supp. 1549, 1560 (1995) (citations omitted). Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir. 1987). A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).

A review of Plaintiff's Motion reveals that he has failed to establish that the failure to obtain the additional tests or treatment he requests for an alleged, unknown STD will cause irreparable damage. Furthermore, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits. The court will not compel the Defendants to perform an act, in this case provide more testing and treatment for an undocumented disease with undocumented symptoms, simply because the Plaintiff desires it.

Because the Plaintiff has failed to show that irreparable injury will occur without the additional tests or treatment he has requested, he has failed to meet the four-prong test for

2

obtaining injunctive relief.

THEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for a Preliminary Injunction and/or a Temporary Restraining Order be DENIED. Pursuant to 28 U.S.C.A. § 636(b)(1), Plaintiff may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED this 29th day of January, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc